# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CENTRO DE PERIODISMO INVESTIGATIVO**<br><br>    Plaintiff<br><br>v.<br><br>**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**<br><br>    Defendant | Civ. No. 2017-1743 (JAG) (BJM)<br>   (Consolidated)<br><br>Civ. No. 2019-1936 (JAG) (BJM)<br>   (Consolidated) |

## INFORMATIVE MOTION
## AND FOR CLARIFICATION REGARDING ORDERS AND
## STATUS OF THE CASE

**NOW COMES THE CENTRO DE PERIODISMO INVESTIGATIVO, INC.**, through undersigned counsel, and respectfully informs the Court of the facts set forth herein, and further requests this Court for clarification regarding the pendency of motions, in light of the Court's assertion that it has lost jurisdiction in this case.

Accordingly, the plaintiff requests this Court to take note of the facts set forth herein and to clarify that CPI is correct in its understanding that it need not respond to Docket No. 135 (wherein the defendant requested an "urgent stay" in this case.)

The following procedural facts are pertinent to this motion:

1. On <u>March 23, 2021</u>, this Court issued an Order, at Docket No. 130, in which it adopted in full the Magistrate Judge's Report and Recommendation at Docket 100.

2. A few minutes later, this Court issued another Order, at Docket No. 131, denying the objections of both parties to the Magistrate's R & R, Docket No. 109, 110.

3. In light of these rulings, this Court's order at Docket No. 131 also gave the

Financial Oversight and Management Board ("FOMB" or "the Board") a total of *31 days*, until today, April 23, 2021, to comply with the order requiring it to produce "a comprehensive, legally-sufficient privilege log to justify its invocation of privilege for each such document which it seeks to withhold …."

4. As a preliminary point, it should be noted that the Board has known of this Court's requirement that it provide creditable justifications for its withholding of documents, for almos <u>*three years*</u>, ever since on May 4, 2018, this Court issued its Opinion and Order almost requiring the Board to do so. *Docket No. 36.* In light of the procedural events in this litigation, it is respectfully submitted that the Board *already* knows the reasons for the withholding of an extraordinary number of documents (22,000) (in the first of these two consolidated cases) and why it is withholding countless other documents in regard to the second of these consolidated documents.

5. In light of the procedural history of this case, and the extraordinary resources the Board has applied to it (including 8 attorneys at the district court level and seven already appearing in the Court of Appeals- all paid for by the people of Puerto Rico), it is sumbitted that the order to produce the log within 31 days' time certainly did not impose any undue burden on the FOMB.[1]

6. The Board waited more than two weeks after this Court's March 23rd orders, for file Notice of Appeal of the orders issued on March 23rd. *See, Docket No. 134,* filed after business hours on Friday, <u>April 9, 2021.</u>

---

[1] In point of fact, in the six months following this Court's Opinion and Order, the Board produced some 18,000 documents to CPI. Towards the end of that process, however, the Board informed CPI for the first time that it had *withheld* considerably more documents, to the order of *22,000*. This led to the CPI's presentation of a Contempt Motion in January of 2019. *Docket 68.* It is respectfully submitted that *at that time*, the Board *must* have known the basis for the withholdings.

7. Just a few minutes later, te FOMB presented to this Court a filing entitled, *"Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order Confirming Promesa § 106(c) Automatically Stays the Deadlines Set by the Court in its March 2021 Orders, or Alternatively Staying Such Orders Pending Appeal."* Docket No. 135.

8. On the following Monday, <u>April 12, 2021</u>, the undersigned filed an Informative Motion advising the Court of CPI's intent to oppose the "Urgent Motion" by the defendant Financial Oversight & Management Board for Puerto Rico ("FOMB"), *Docket No. 136*.

9. In the motion at Docket No. 136, the undersigned requested this Court to allow it the full 14-days provided for under the FedR.Cv.Pr., until today, April 23, 2021, to oppose the Board's "urgent motion" for a stay. She explained that she had several other impending professional commitments, and also that in late March, she suffered a bad fall down a metal staircase, leaving her in considerable pain (which continues today), doing major damage to her knee, interfering with sleep and making it very difficult for her to spend long periods of time sitting in front of a computer.

10. The Court did not respond immediately to this request to be allowed the regulatory time period to respond to defendant's "urgent" motion. The CPI, however, assumed that it would have until April 23rd to oppose the motion.

11. This was not to be. The current week has seen a flurry of activity with respect to these cases, both in this Court and in the Court of Appeals for the First Circuit:

- On Tuesday, April 20, the Board moved for an extension of all deadlines, including the one coming due today, Friday, April 23, 2021, for it to comply with the long-ago ordered justification for its extraordinarily broad refusal

to produce 22,000 documents.

- The day before that (but with a later docket number), the Board presented a motion to this Court, informing it that it would be invoking the emergency power of the First Circuit to issue a stay. It did so without so much as waiting for the Court to act on its request to *this* Court to impose the stay.

- On Tuesday, April 20, 2021, the Board presented before the First Circuit a 22-page motion for an "emergency stay."

- On Wednesday, April 21st, the undersigned received a call from the First Circuit in the early morning hours, informing her that the Appeals Court had ordered her to answer the motion *that day,* by 5PM. Since the Board had filed its "emergency" request to the Court of Appeals after 8 PM, the previous night (almost thirty days after the challenged Orders of this Court), the undersigned (who is still recuperating from the fall) did not see it that night and had no idea to what the First Circuit was referring.

- In response to the call from the Court of Appeals, the undersigned explained that she would have her first session of formal physical therapy with the therapist that morning, which after fighting to obtain insurance company authorization for that treatment, she could not cancel.

- The Court of Appeals, however, provided no flexibility, informing the undersigned that if CPI did not respond by 5PM, the First Circuit would act on the "Emergency" motion without the plaintiff's input.

- In compliance with the Order of the Court of Appeals, the undersigned filed the requested opposition by 5PM that day.

- Despite the rush with which the Court of Appeals required CPI to respond to the "emergency" motion filed by the Board, to this day, it has issued no orders with respect thereto.

- The next event came a few hours later on that same Wednesday, April 21st, at about 11PM, when the Board presented a "Reply" to the Opposition to the Stay in the First Circuit. When the undersigned finally accessed the "Reply" the next morning, she noticed that it had attached as Exhibit 1 thereto, certain Orders of this Court issued at Docket 141. That was her first knowledge of the existence of those orders.[2]

- At about 6PM the previous day, April 21st, this Court had issued the following orders:

> ORDER *denying without prejudice* Defendant's [135] MOTION requesting Order and [137] MOTION requesting Order, *as the Court lacks jurisdiction in light of Defendant's pending interlocutory appeal.* See Docket No. 134. And accordingly, the Court vacates the deadline set for the production of a privilege log, Docket No. 131, pending resolution of Defendant's appeal. The Court further notes Plaintiff's [136] INFORMATIVE Motion regarding intent to respond to Docket No. 135; and Defendant's [139] INFORMATIVE Motion regarding Request for Relief from First Circuit. *Docket No. 141 (emphasis supplied).*

---

[2] The undersigned is not receiving notifications from the Court at her personal email with respect to this and one other case, even though the correct email is listed in the service list. She has addressed her concerns regarding this matter to the Hot Desk on several occasions, to no avail, and is *still* awaiting the IT people to figure out why this is occurring.

12. Thus, *this* Court has concluded that it is *without jurisdiction* to act, in light of the pending appeal. Accordingly, the Board, in its 11PM motion that day to the First Circuit, informed the court that it no longer requires the "emergency" relief it requested of the First Circuit.

13. CPI must express that it disagrees with the above orders — and *may* file for reconsideration thereof - having not yet had a full opportunity to respond.

14. This motion is being filed, nonetheless, to express to the Court our understanding that at the current time, CPI is under no requirement to oppose the "urgent" stay motion previously filed before *this* Court (Docket No. 135). This Court has already decided the motion, declaring itself to be without jurisdiction and by vacating the deadlines imposed upon the Board's compliance with the years-old Orders affecting the important Constitutional rights at stake in this litigation.

15. As a precautionary and explanatory matter, the undersigned has taken this opportunity to inform the Court of these recent fast-moving developments, so that it will understand why CPI is not now going to be dedicating its time to opposing Docket No. 135, given that this Court has already provided the Board with the relief it requested — to shirk its duties to inform the people of Puerto Rico about the issues affecting their futures and that of their grandchildren.

16. The undersigned also respectfully asks this Court, with respect to any further litigation events, that it take into account that for the next few weeks, undersigned will be unable to work a full load, as she is currently experiencing considerable pain, sleeplessness and extreme discomfort.

WHEREFORE, the CPI respectfully requests that this Court take note of the information provided herein and that it make any further clarifications it deems appropriate with respect to these matters.

Respectfully submitted in San Juan, Puerto Rico this 23rd day of April, 2021.

**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
berkanmendez@gmail.com

By:    /s/ JUDITH BERKAN
           USDC No.200803
       berkanj@microjuris.com
       temp. phone 787-399-7657

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record.

/s/ JUDITH BERKAN